## Geary v. Geary

*Karyn Ashley Rok,* for plaintiff.
*Elisabeth Bennington,* for defendant.

WECHT, *J.,* February 5, 2009—Plaintiff Sharon M. Geary (Wife) appeals from this court's order dated November 5, 2008. That order disposed of the parties' economic claims in divorce.

## BACKGROUND AND PROCEDURAL HISTORY

Wife and defendant Dennis K. Geary (Husband) married on June 23, 2000. Their daughter, Paige, was born on July 10, 2001. Wife filed her divorce complaint on May 13, 2007. Husband left the marital residence approximately four weeks later.

The parties proceeded to trial on their economic claims on August 19, 2008. The trial did not conclude, and a second day of trial proceeded on September 23, 2008.[1] On November 5, 2008, this court issued its order dispos-

---

1. Because Wife's payment to the court reporter was late, this court has not been provided a trial transcript, and has prepared this opinion without the benefit of same.

ing of the economic claims. On December 5, 2008, the divorce decree issued.

On December 5, 2008, Wife filed a notice of appeal. On December 9, 2008, in accordance with Pa.R.A.P. 1925(b), this court directed Wife to file a concise statement of errors complained of on appeal. On December 30, 2008, Wife timely filed her concise statement with the office of court records.[2]

## ISSUES RAISED ON APPEAL

In her Pa.R.A.P. 1925(b) statement, Wife averred as follows:

(1) The court erred in failing to award Wife alimony;

(2) The court erred in failing to take into account Husband's adultery and marital misconduct when considering an award of alimony;

(3) The court erred in failing to take into account the disproportionate income earned by each party when considering an award of alimony and allocation of marital debts and liabilities;

(4) The court erred in failing to take into account Husband's dissipation of the marital assets;

(5) The court erred in failing to equitably calculate and allocate marital assets and marital debts and liabilities of the parties;

---

2. Contrary to the certificate of service on Wife's concise statement, a copy was not provided to this court until January 6, 2009.

(6) The court erred in failing to correctly calculate Husband's 401k;

(7) The court erred in allocating 60 percent of marital debt to Wife;

(8) The court erred in requiring Wife to assume full responsibility for the first and second mortgage on the marital residence;

(9) The court erred in failing to allocate a portion of Wife's student loans to Husband;

(10) The court erred in failing to award Wife counsel fees.

## DISCUSSION AND ANALYSIS

Wife's first three issues on appeal relate to this court's disposition of Wife's claim for alimony, namely the allegations that this court erred in failing to award alimony, in not considering Husband's marital misconduct, and in not considering the disproportionate incomes of the parties. Alimony is only awarded if "necessary." 23 Pa.C.S. §3701(a). Alimony is a secondary remedy to provide for a spouse who is unable to provide for his or her reasonable needs though self-support. *Teodorski v. Teodorski*, 857 A.2d 194, 200 (Pa. Super. 2004). This court gave consideration to the appropriate statutory factors mandated by 23 Pa.C.S. §3701(b). This court found that some factors supported Wife's alimony claim, such as Husband's current higher salary, Wife's assumption of significant liabilities, and Husband's marital misconduct.

However, other factors leaned heavily in Husband's favor on the alimony issue. These included the avail-

ability of benefits to Wife that Husband does not have, Husband's contribution to Wife's higher education, and Wife's higher level of education. Wife provided no information about her budget or expenses other than to say that the information in her pretrial statement was accurate. However, this information was never offered, much less admitted, into evidence. Wife also testified that, when she and Husband discussed her taking a teaching job for lower pay, she told him that she would work an additional job during the summer to offset the decrease. Yet Wife failed to do so. From Wife's testimony, it appeared that Wife could earn more income than she was earning at the time of trial. Considering all relevant statutory factors and the trial evidence, this court could not conclude that Wife was unable to meet her reasonable needs. This court accordingly declined to award alimony.

Wife's third, fifth and seventh points on appeal relate to this court's distribution of assets and liabilities. Wife asserts that this court did not consider Husband's higher income in the distribution, that this court did not equitably calculate and allocate the assets and liabilities, and that this court erred in allocating 60 percent of the liabilities to Wife. Wife's eighth and ninth points on appeal also relate to distribution of liabilities, particularly the mortgages and Wife's student loans. This court considered all the relevant statutory factors in determining the distribution of assets and liabilities. 23 Pa.C.S. §3502(a). The marriage was of relatively short duration, less than seven years. Both parties were of similar age and health. Both parties had the opportunity to acquire future assets. Husband had contributed somewhat to Wife's education. Wife received more employment benefits than Husband.

At the time of trial, Husband's salary was higher than Wife's salary. This court weighed all of these factors in fashioning its decision to split the marital assets such that Wife received 60 percent and Husband 40 percent.

The parties had substantially more debt than assets. While there were various credit cards and car loans, the vast majority of the debt attached to Wife's student loans and to the two mortgages on the marital residence. Both parties proposed that Wife should receive the marital residence as part of the distribution. Because Wife was to receive the benefit of the residence, it was appropriate for Wife to assume the mortgage debts. In general, student loans incurred during marriage are marital debt, but are assigned to the student-spouse who has benefited from the loans. *Hicks v. Kubit,* 758 A.2d 202, 204-205 (Pa. Super. 2000). Here, Wife not only incurred student loan debt, but she deferred the loans repeatedly, so that the original balance of $69,129.02 grew to $88,937.44. Wife testified that she discussed the deferments with Husband. Husband denied that Wife discussed this, and said he was unaware of the amount of the loans until after the divorce action commenced. It was clear that Wife was the sole beneficiary of the loans and that her education will continue to benefit her solely. Therefore, it was appropriate to assign the student loan debt to Wife.

Wife's fourth allegation of error is that this court did not consider Husband's dissipation of the marital estate. As stated above, there were more debts than assets in the marriage. Both parties have contributed to the financial problems of the marriage. Husband bought expensive and unnecessary cars, and incurred debt in doing so. Wife

started a jewelry "business," buying inventory on credit and making no profit from it. Husband testified that, during the marriage, he liquidated stock options, and that Wife spent the majority of the proceeds. Wife testified that she believed Husband spent some marital funds on gifts for a paramour. There were allegations of dissipation by both parties. The financial picture of the marriage showed that neither party was particularly careful about money. Against that backdrop, this court concluded that both parties bore responsibility for the financial circumstances to which they had consigned themselves.

Wife's sixth point on appeal is that this court miscalculated Husband's 401k. Husband testified that he had cashed in part of his 401k prior to Wife returning to school. As that transaction occurred during the marriage and, according to Husband's testimony, was used to defray marital expenses, this court did not consider it as part of the marital estate. Husband testified that he closed the 401k after separation, and received $5,606.09. Since this was a post-separation distribution used by Husband, this court treated it as an advance, and charged Husband with it. Husband also took $14,273.61 from a Wells Fargo retirement account between August 2006 and May 2007. Husband then deposited the money into a separate bank account. Husband testified that he used the money for ordinary expenses. Wife claimed that Husband spent part of the funds on his paramour. Husband denied this claim. Since Wife was unable to prove that funds were dissipated, and since Husband was credible concerning the use of the account for ordinary marital expenses, this court did not charge Husband with an advance for these withdrawals.

Wife's final issue on appeal is that no counsel fees were awarded to Wife. Both parties requested counsel fees. Both were denied. Wife did not testify about her counsel fees, nor were any bills submitted as evidence. Husband testified that he paid $10,000 to his attorney, and that he had an outstanding balance with a payment plan. There were no allegations of obdurate, vexatious or dilatory conduct during the litigation that would warrant an award of counsel fees. 42 Pa.C.S. §2503(7).

Counsel fees may also be awarded upon a showing of actual need. *Litmans v. Litmans,* 449 Pa. Super. 209, 227, 673 A.2d 382, 391 (1996). Without evidence of Wife's expenses or the amount of her attorney fees, it was impossible for this court to determine whether she had actual need. Additionally, it is significant that neither party is walking away from the marriage in sound financial health. Both parties are receiving little in distribution by way of assets and much by way of debt. While Husband currently is receiving a higher salary, he lacks a college degree, and his current employment is as a temporary contract employee. Potentially, Husband will be out of work when the one-year contract expires. On the other hand, Wife has a college degree and teacher's certification. She maintains stable employment as a teacher, with the prospect of increases in both salary and retirement savings as she gains more experience and more years of service. While Husband temporarily earns a higher income, Wife's long-term financial prospects are considerably more stable and sound.